UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALEXIS ARIAS, individually and on behalf of
others similarly situated,

                             Plaintiff,                      MEMORANDUM AND ORDER

    -against-                                       CV 14-6827 (LDW) (AKT)

ALL DIMENSIONS LANDSCAPING INC. (d/b/a
ALL DIMENSIONS LANDSCAPING), and
GLENN DALTON,

                             Defendants.
----------------------------------------------------------------X
WEXLER, District Judge

      Plaintiff Alex Arias, individually and on behalf of others similarly situated, brings this action against defendants All Dimensions Landscaping Inc. ("All Dimensions") and Glenn Dalton (collectively, "Defendants"), asserting claims for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Defendants move to dismiss and, alternatively, for summary judgment under Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and 56. Plaintiff opposes the motion, although he indicates that he "has agreed to stipulate to dismiss" certain claims.[1]

                                          I.

      All Dimensions owned and operated a business providing landscaping and design services in New York. Plaintiff was an employee of All Dimensions for approximately 13 years. Defendants maintain that from 2008 to 2014 (the relevant time period) All Dimensions' gross

---

[1] Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, at 2, 6. Although the Court has received a courtesy copy of Plaintiff's opposing memorandum of law, it has not been filed via ECF. Accordingly, the Court directs Plaintiff to file it promptly.

annual revenues did not exceed $500,000, the FLSA threshold requirement for "enterprise" coverage. Defendants submit tax returns in support of their motion. Based on these submissions, Defendants urge the Court to dismiss Plaintiff's FLSA claims and to decline to exercise supplemental jurisdiction over Plaintiff's NYLL claims.

II.

On a motion to dismiss, the court must assume that all allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Plair v. City of New York*, 789 F. Supp. 2d 459, 463 (S.D.N.Y. 2011). To avoid dismissal, a plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009). Although a motion under FRCP 12(b)(6) is directed only to the sufficiency of the pleading, the court may consider written documents attached to the complaint as well as documents incorporated therein by reference and those of which plaintiff had knowledge and relied upon in commencing the action. *See Brass v. Amer. Film Techn., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993).

On a motion for summary judgment, the moving party has the burden of establishing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In defending against a motion for summary judgment, the nonmoving party may not rely on mere allegations, but must submit some evidence, by affidavits or otherwise, showing a genuine dispute of material fact. *See* FRCP 56(c); *Anderson*, 477 U.S. at 249.

III.

Upon consideration, the Court denies Defendants' motion to dismiss Plaintiff's FLSA claims, as the complaint sufficiently alleges that from 2008 to 2014 All Dimensions' annual revenues exceeded $500,000 threshold for "enterprise" coverage.  *See* 29 U.S.C. § 203(s)(1)(A).  Defendants' tax returns are not proper for consideration on this motion to dismiss, as they were neither attached to the complaint nor incorporated therein by reference, and there is no indication that Plaintiff even had knowledge of or access to them before commencing this action.

To the extent that Defendants alternatively move for summary judgment on the FLSA claims and submit matter outside the pleadings to refute these allegations (*i.e.*, All Dimensions' tax returns), the motion is procedurally inadequate and premature.  Notably, Defendants did not submit a Local Civil Rule 56.1 statement in support of summary judgment, as required.  *See* Local Civ. R. 56.1 ("Upon any motion for summary judgment pursuant to [FRCP 56], there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  Failure to submit such a statement may constitute grounds for denial of the motion.").  Moreover, it does not appear that the parties have conducted adequate discovery, so as to afford Plaintiff a reasonable opportunity to challenge Defendants' submissions and to show a genuine dispute of material fact.  Accordingly, the motion for summary judgment is denied without prejudice to renewal following discovery.

Given the sufficiency of the FLSA claims, the Court denies Defendants' request that the Court decline to exercise supplemental jurisdiction over Plaintiff's NYLL claims.  *See* 28 U.S.C. 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over a claim if it

4

"dismissed all claims over which it has original jurisdiction").

To the extent that Plaintiff has agreed to stipulate to dismiss certain claims, the parties should agree upon an appropriate stipulation for submission to the Court. Defendants' motion is otherwise denied without prejudice to renewal upon a motion for summary judgment.

IV.

For the above reasons, Defendants' motion to dismiss is denied, and Defendants' motion for summary judgment is denied without prejudice to renewal.

The parties are directed to contact Chambers to schedule a conference in this matter.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       July 14, 2016